GARY E. DEVLIN (SBN 210517)
gdevlin@hinshawlaw.com
ELVIN I. TABAH (SBN 286369)
etabah@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: 310-909-8000
Facsimile: 310-909-8001

Attorneys for Defendants OCWEN LOAN SERVICING, LLC and U.S. BANK NATIONAL ASSOCIATION, as Trustee under Pooling and Servicing Agreement dated as of July 1, 2004 MASTR Asset-Backed Securities Trust 2004-FRE1 Mortgage Pass-Through Certificates, Series 2004-FRE1, erroneously sued separately as U.S. BANK NATIONAL ASSOCIATION and MASTR ASSET BACKED SECURITIES TRUST 2004-FRE1

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM C. WATSON and SHARON E. WATSON,<br><br>Plaintiffs,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC; U.S. BANK NATIONAL ASSOCIATION; MASTR ASSET BACKED SECURITIES TRUST 2004-FRE1; WESTERN PROGRESSIVE, LLC; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 5:18-cv-00273-JGB (SPX)<br>(Honorable Jesus G. Bernal, Ctrm. 1)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISQUALIFY ROBERT BONITO AS COUNSEL FOR PLAINTIFFS**<br><br>Date: February 25, 2019<br>Time: 9:00 a.m.<br>Ctrm: 1<br><br>Complaint Filed: 12/26/17<br>Trial Date: September 19, 2019 |

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

MOTION TO DISQUALIFY AS COUNSEL
CASE NO. 5:18-cv-00273-JGB (SPX)
302944098V1 1005257

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................. 1

II.  RELEVANT FACTS ............................................................................................ 2

    A.   PLAINTIFFS FILE FIRST AMENDED COMPLAINT BASED ON INTERPRETATION OF PROVISIONS IN LMA ....................................... 2

    B.   DETERMINATION OF THIS CASE MAY DEPEND ON PAROLE EVIDENCE ................................................................................................. 2

    C.   THE TESTIMONY OF PLAINTIFFS' COUNSEL IS ESSENTIAL FOR PLAINTIFFS' CLAIMS ............................................................................ 3

    D.   DEFENDANTS FACE PREJUDICE IF MR. BONITO REMAINS AS COUNSEL ................................................................................................. 4

III. LEGAL STANDARD ........................................................................................... 5

IV.  THE ADVOCATE WITNESS RULE REQUIRES MR. BONITO'S DISQUALIFICATION ........................................................................................... 5

    1.   *Mr. Bonito should be disqualified under Aba Model Rule 3.7* .................... 6

    2.   *Mr. Bonito should be disqualified under New California Rule 3.7* ............. 9

V.   CONCLUSION .................................................................................................... 11

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

i
TABLE OF CONTENTS
Case No. 5:18-cv-00273-JGB (SPX)
302944098V1 1005257

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burch v. Premier Homes, LLC,*
  199 Cal.App.4th 730 (2011) ...................................................................................3

*Caluori v. One World Technologies, Inc.,*
  CV 07-2035 ............................................................................................................7

*Carta v. Lumbermens Mut. Cas. Ins. Co.,*
  419 F. Supp. 2d 23 (D. Mass. 2006) ......................................................................7

*DCH Health Servs. Corp. v. Waite,*
  95 Cal. App. 4th 829, 115 Cal. Rptr. 2d 847 (2002) .............................................5

*Gregori v. Bank of Am.,*
  207 Cal. App. 3d 291 (1989) .................................................................................8

*Kennedy v. Eldridge,*
  201 Cal. App. 4th 1197 (Cal. Ct. App. 2011) ...............................................5, 7, 10

*In re Marvel,*
  251 B.R. .................................................................................................................5

*People v. Donaldson,*
  93 Cal. App. 4th 916 (Cal. Ct. App. 2001) ............................................................6

*People v. Dunkle,*
  36 Cal. 4th 861 (2005) .........................................................................................10

**Statutes**

Roman Law. ..................................................................................................................5

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

i
TABLE OF AUTHORITIES
Case No. 5:18-cv-00273-JGB (SPX)
302944098V1 1005257

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this heavily contested breach of contract case, Plaintiffs William C. Watson and Sharon E. Watson's ("Plaintiffs") counsel, Robert Bonito, also serves as their key witness. This case concerns a dispute over the interpretation of two provisions in a settlement agreement for the underlying wrongful foreclosure case, which forms the basis of this action and every claim asserted in the operative First Amended Complaint ("FAC").

The underlying action settled in exchange for a loan modification; there was a settlement agreement and a separate loan modification agreement which was incorporated by reference and made a part of the settlement agreement. Plaintiffs contend the settlement agreement required Defendants to provide evidence of "clear and marketable title," and to credit the loan modification's required down payment to the loan modification's principal balance after the loan modification was implemented. Defendants dispute Plaintiffs' claims.

Plaintiffs named Mr. Bonito as a witness in their Rule 26(a) disclosures. Additionally, as set forth in Plaintiffs' Rule 26 disclosures and the FAC itself, Mr. Bonito's discussions with Defendants' former counsel for the underlying case forms the basis for Plaintiffs' claims in this action. The agreements themselves do not support Plaintiffs' interpretations, and thus Plaintiffs seek to introduce testimony from Mr. Bonito (Plaintiff's counsel for this and the underlying case) regarding his discussions with Defendants' counsel for the underling case, to support their interpretation of the two key clauses. Plaintiffs' themselves did not have discussions with Defendants' counsel for the underlying case; the settlement agreement was negotiated and discussed only as between counsel. *See* (Declaration of Denetta Scott, ¶3.) (affirming no direct correspondence with Plaintiffs).

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

1
MOTION TO DISQUALIFY AS COUNSEL
CASE NO. 5:18-cv-00273-JGB (SPX)
302944098V1 1005257

Clearly, Defendants will be prejudiced if Mr. Bonito remains as counsel in this action as his status as counsel and witness creates an improper inference that his testimony is more credible than that of Defendants' witnesses, affects Defendants' ability to cross-examine, and thus robs the trial of the appearance of fairness. Therefore, Ocwen requests this Court disqualify Robert Bonito and his firm[1] from representing Plaintiffs in this action.

## II. RELEVANT FACTS

### A. PLAINTIFFS FILE FIRST AMENDED COMPLAINT BASED ON INTERPRETATION OF PROVISIONS IN LMA

On March 18, 2018, Plaintiffs filed the operative First Amended Complaint ("FAC") against Defendants containing causes of action for breach of contract, bad faith, and fraud: negligent misrepresentation. (Dkt. 12.) The FAC case stems from an alleged breach of a Settlement and Release Agreement and Loan Modification Agreement (hereinafter, "LMA") between Plaintiffs and Defendants from a 2014 lawsuit. (Dkt. 12, ¶15-21.) Mr. Bonito represented Plaintiffs in the 2014 lawsuit and serves as counsel in this action.

The 2014 Lawsuit resolved pursuant to a settlement and release agreement where Defendants provided Plaintiffs with a loan modification. (Dkt.19-0.) Plaintiffs claim the LMA required Defendant to credit a $2,716.41 down payment to the New Principal Balance and to provide evidence of "clear and marketable title." Dkt. 12, ¶22, 23.) Defendants dispute both of these claims. *See, e.g.,* (Dkt. 21-0)

### B. DETERMINATION OF THIS CASE MAY DEPEND ON PAROLE EVIDENCE

On April 2, 2018, Defendants filed a motion to dismiss Plaintiffs' FAC. In denying the motion to dismiss as to the breach of contract claim, this Court

---

[1] Mr. Bonito is a solo practitioner.

2
MOTION TO DISQUALIFY AS COUNSEL
CASE NO. 5:18-cv-00273-JGB (SPX)

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

302944098V1 1005257

determined the LMA silent as to whether the down payment is to be credited toward the principal balance. (Dkt. 20, p. 6.) The Court also determined the language of the LMA did not preclude Plaintiffs' interpretation the LMA required Defendants to provide Plaintiffs with "clear and marketable title." (Id.) Based on the Court's ruling, this case may depend on parole evidence.[2]

### C. THE TESTIMONY OF PLAINTIFFS' COUNSEL IS ESSENTIAL FOR PLAINTIFFS' CLAIMS

On September 21, 2018, Plaintiffs served their Rule 26 disclosures. The Rule 26 disclosure directly implicates Mr. Bonitos as an essential witness to this action. First, the disclosure names Mr. Bonito a witness. (Declaration of Elvin I. Tabah,¶2, Ex. A.) According to the Rule 26 disclosure, Mr. Bonito "will be able to testify as to certain facts and circumstances that resulted in the creation and execution of the Settlement Agreement and Loan Modification Agreement" (Id.) According to Plaintiffs, there are only three other witnesses other than Mr. Bonito: Plaintiffs and Defendants' counsel in the underlying case Denetta Scott. (Id.)

Meanwhile, the Declaration of Defendants' former counsel for the underlying case, Ms. Scott, confirms she had no direct discussions with Plaintiffs concerning any issue and in particular the settlement and loan modification agreements which were negotiated and discussed as between counsel only. In particular, the provisions at issue were discussed at length in emails between counsel (only) prior to execution of the agreements. *See* (Declaration of Denetta Scott, ¶3, 4 & 5, Exhs. A & B). The provisions were never discussed as between Plaintiffs and Defendants' counsel. *See id.* at ¶3. Plaintiffs thereafter signed the agreements as drafted, and Mr. Bonito himself also executed the settlement

---

[2] *Burch v. Premier Homes, LLC,* 199 Cal.App.4th 730, 745–746 (2011) ("Put another way, '[i]f a writing is deemed integrated, extrinsic evidence is admissible. . . if it is relevant to prove a meaning to which the language of the instrument is reasonably susceptible.")

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

agreement as to form and content. *See* (Declaration of Elvin I. Tabah, Ex. B.) (fully executed settlement agreement). Plaintiffs' disclosures make clear Mr. Bonito's testimony and especially his discussions with Ms. Scott will be used to rebut or add to the plain language of the parties' agreements.

The documents Plaintiffs list in their Rule 26 Disclosures in support of their claims also implicate Mr. Bonito as their key witness in this case. Specifically, Plaintiffs list "multiple letters by and between respective counsel for the parties from on or about January 20, 2015 to and including October 31, 2016" and "multiple emails by and between respective counsel for the parties from on or about January 20, 2015 to and including October 31, 2016" (Id.)

Additionally, the FAC repeatedly alleges Defendants' former counsel Denetta Scott made "oral representations" concerning "clear and marketable title" and the down payment, which Plaintiffs claim induced them to enter into the LMA. (Dkt.12, ¶19, 23, 39) In their discovery responses, however, Plaintiffs concede they never spoke to or had any discussions with Denetta Scott. *See* Declaration of Elvin I. Tabah. ¶ 4-5, Ex. C & D.). Again, Ms. Scott's Declaration submitted in support of this Motion further confirms this fact. Thus, these "oral representations" could *only* have been between Defendants' former counsel and Mr. Bonito.

**D.   DEFENDANTS FACE PREJUDICE IF MR. BONITO REMAINS AS COUNSEL**

Defendants believe they will face prejudice at trial should Mr. Bonito and his law firm remain as counsel. Defendants believe Mr. Bonito's dual role as counsel and witness, particularly when his testimony concerns the foundation of Plaintiffs' claim, will affect the jury's ability to evaluate his testimony and advocacy and the proceedings themselves. (Tabah decl. ¶6.)

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

4
MOTION TO DISQUALIFY AS COUNSEL
CASE NO. 5:18-cv-00273-JGB (SPX)
302944098V1 1005257

## III. LEGAL STANDARD

"A district court has the inherent authority to disqualify counsel." *Gotham City Online, LLC v. Art.com, Inc*., No. C 14-00991 JSW, 2014 U.S. Dist. LEXIS 33680, 2014 WL 1025120 at *2 (N.D. Cal. Mar. 13, 2014)

"A court should examine a motion to disqualify counsel carefully 'to ensure that literalism does not deny the parties substantial justice.'" *Gotham City*, 2014 U.S. Dist. LEXIS 33680, 2014 WL 1025120 at *2 (*citing People ex rel Dept. of Corporations v. Speedee Oil Change Systems, Inc*., 20 Cal.4th 1135, 1144, 86 Cal. Rptr. 2d 816, 980 P.2d 371 (1999)).

"To be justified, a motion to disqualify must be based on present concerns and not concerns which are merely anticipatory and speculative." *In re Marvel,* 251 B.R. at 871 (*citing In re Coordinated Pretrial Proceedings*, 658 F.2d 1355, 1361 (9th Cir. 1981)); *DCH Health Servs. Corp. v. Waite*, 95 Cal. App. 4th 829, 833, 115 Cal. Rptr. 2d 847, 850 (2002) (speculative contentions are insufficient to justify disqualification of counsel). "Because of the potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny." *Id.*

## IV. THE ADVOCATE WITNESS RULE REQUIRES MR. BONITO'S DISQUALIFICATION

The "advocate-witness rule, which prohibits an attorney from acting both as an advocate and a witness in the same proceeding, has long been a tenet of legal ethics in the American legal system, and traces its roots back to Roman Law." *Kennedy v. Eldridge*, 201 Cal. App. 4th 1197, 1208 (Cal. Ct. App. 2011) (citation omitted).  Indeed, as the California Court of Appeal held:

> The prohibition against a lawyer's serving as an advocate and testifying as a witness in the same matter is essentially aimed at

5
MOTION TO DISQUALIFY AS COUNSEL
CASE NO. 5:18-cv-00273-JGB (SPX)
302944098V1 1005257

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

eliminating confusion over the lawyer's role. This confusion could prejudice one or more of the parties or call into question the impartiality of the judicial process itself. As an advocate, the lawyer's task is to present the client's case and to test the evidence and arguments put forth by the opposing side. A witness, however, provides sworn testimony concerning facts about which he or she has personal knowledge or expertise. The very fact of a lawyer taking on both roles will affect the way in which a jury evaluates the lawyer's testimony, the lawyer's advocacy, and the proceedings themselves.

*People v. Donaldson*, 93 Cal. App. 4th 916, 928 (Cal. Ct. App. 2001).

As discussed herein, the advocate-witness rule applies. This conclusion is further established by ABA Model Rule 3.7 and the new California Rule 3.7 (former California Rules of Professional Conduct 5-210), as discussed below. Mr. Bonito should be disqualified as counsel based on all of these authorities.

### 1.  *Mr. Bonito should be disqualified under Aba Model Rule 3.7*

Pursuant to ABA Model Rule 3.7:

(a)  A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

ABA Model Rule 3.7.

The Comments to ABA Model Rule 3.7 note that the rule is necessary because "[i]t may not be clear whether a statement by an advocate-witness should

6
MOTION TO DISQUALIFY AS COUNSEL
CASE NO. 5:18-cv-00273-JGB (SPX)
302944098V1 1005257

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

be taken as proof or as an analysis of the proof." ABA Model Rule 3.7 [Comment 2]. In sum, under the ABA Model Rule 3.7, a lawyer cannot serve as an advocate "at a trial in which the lawyer is likely to be a necessary witness" unless an exception applies.

Several California and federal courts have applied ABA Model Rule 3.7 to disqualify counsel. For example, in *Caluori, infra*, relying on ABA Model Rule 3.7, a district court granted a motion *in limine* to preclude the plaintiff's attorney from appearing as trial counsel since the plaintiff's attorney was a necessary witness to the lawsuit. *See, Caluori v. One World Technologies, Inc.*, CV 07-2035 CAS VBKX, 2012 U.S. Dist. LEXIS 77924. Similarly, in *Kennedy, supra*, the California Appellate Court affirmed an attorney disqualification when the attorney was a necessary witness in a child custody action. *Kennedy,* 201 Cal. App. 4th at 1209-1211.

In the case at bar, Mr. Bonito should be excluded under ABA Model Rule 3.7. There can be no doubt that Mr. Bonito is a necessary witness—his testimony forms the basis of Plaintiffs' claims for breach of contract and fraud. *See Carta v. Lumbermens Mut. Cas. Ins. Co.*, 419 F. Supp. 2d 23, 29 (D. Mass. 2006) ("A lawyer is likely to be a necessary witness where the proposed testimony is relevant, material, not merely cumulative, and unobtainable elsewhere.") Indeed, he's the Plaintiffs' *only* witness as he was the *only* person that had discussions concerning the two key contract provisions with Ms. Scott.

Again, Plaintiffs predicate the FAC on purported discussions between Mr. Bonito and Defendants' former counsel. (Dkt.12, ¶19, 23, 39) In proving their case, Plaintiffs will have the demonstrate Ocwen, in fact, did make "oral representations" to Mr. Bonito "such [that], it was agreed and understood, and specifically set forth in the LMA, that a clear and marketable title policy would be issued which was a condition to the LMA becoming effective." (Dkt. 12, ¶19)

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

Similarly, the Plaintiffs will have to demonstrate that former counsel made "representations" to Mr. Bonito concerning the down payment. (Dkt. 12, ¶39.) Similarly, Mr. Bonito will have to authenticate and testify as to the "multiple letters by and between respective counsel for the parties" and "multiple emails by and between respective counsel for the parties" listed in Plaintiff's Rule 26 disclosures in support of their claim.  Plaintiffs cannot prove their case without Mr. Bonito's testimony.  End of story.

Further, Defendants' former counsel denies representing to Plaintiffs that the issuance of clear and marketable title served as a condition predicate for the LMA or that down payment would be credited to the New Principal Balance. (Declaration of Denetta Scott, ¶4&5) Thus, Mr. Bonito's testimony is neither cumulative nor obtainable by other means. Again, he's Plaintiffs' only witness on these topics and they are the only topics in the case.

Finally, Mr. Bonito's testimony also does not fall within any exception to ABA Model Rule 3.7; (1) the testimony is heavily contested; (2) Mr. Bonito's testimony concerning crediting of the down payment and clear marketable title do not relate to the nature and value of legal services rendered; and (3) Mr. Bonito's disqualification would not work a substantial hardship since trial is not until September 2019 and the Plaintiff's case requires no unique skill. *Gregori v. Bank of Am.*, 207 Cal. App. 3d 291, 300 (1989) ("A client deprived of the attorney of his choice suffers a particularly heavy penalty where, as appears to be the case here, his attorney is highly skilled in the relevant area of the law.") Therefore, Mr. Bonito should be disqualified.

/ / /

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

8
MOTION TO DISQUALIFY AS COUNSEL
CASE NO. 5:18-cv-00273-JGB (SPX)
302944098V1 1005257

## 2. *Mr. Bonito should be disqualified under New California Rule 3.7*

New California Rule 3.7 states:

A lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness unless:
(1) the lawyer's testimony relates to an uncontested issue or matter;
(2) the lawyer's testimony relates to the nature and value of legal services rendered in the case; or
(3) the lawyer has obtained informed written consent* from the client. If the lawyer represents the People or a governmental entity, the consent shall be obtained from the head of the office or a designee of the head of the office by which the lawyer is employed.

The California State Bar designed new rule 3.7 to mirror ABA Model Rule 3.7. See Rule 3.7, Comments, Executive Summary ("The Commission is recommending the adoption of the Model Rule framework"). Here, California Rule 3.7 codifies the Model Rule and requires an attorney to be disqualified if he or she is "likely" to be a witness unless an exception applies. New California Rule 3.7 contains an exception for client consent. However, New Rule 3.7 Comment Section 3 recognizes that a Court may disqualify counsel under the advocate-witness rule even if the attorney obtains his client's informed written consent.

> [3] Notwithstanding a client's informed written consent,* courts retain discretion to take action, up to and including disqualification of a lawyer who seeks to both testify and serve as an advocate, to protect the trier of fact from being misled or the opposing party from being prejudiced. (*See, e.g., Lyle v. Superior Court* (1981) 122 Cal.App.3d 470 [175 Cal.Rptr. 918].)

See Rule 3.7 [Comment Section 3]

In explaining Comment Section 3, the Executive Summary recognized several California cases, including cases which applied Model Rule 3.7, rather than former section 5-210 to disqualify counsel.

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

9
MOTION TO DISQUALIFY AS COUNSEL
CASE NO. 5:18-cv-00273-JGB (SPX)
302944098V1 1005257

Comment [3] reaffirms a court's discretion to take action despite a lawyer's compliance with this rule (e.g., a lawyer who complies might nevertheless be subject to a disqualification motion). *See Comden v. Superior Court* (1978) 20 Cal.3d 906; *Smith, Smith & Kring v. Superior Court (Oliver)* (1997) 60 Cal.App.4th 573, 579-582; and *Colyer v. Smith* (1999) 50 F.Supp.2d 966.) *Compare Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197 [135 Cal.Rptr.3d 545] (Applying Model Rule 3.7 rather than rule 5-210 in support of court's decision to disqualify lawyer witness).

*See* Rule 3.7, [Comment Section 3, Executive Summary]

Here, even if Plaintiffs assented to their attorney as a witness, the Court should disqualify Plaintiffs' counsel Robert Bonito nonetheless under New California Rule 3.7. Plaintiffs' consent to counsel should not jeopardize Defendants' right a fair jury trial. *See Kennedy*, 201 Cal. App. 4th at 1209-1211("the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case.") As a matter of law, Mr. Bonito's dual role taints the fairness of the judicial proceedings. *Id.* at 1210 ("the advocate-witness dilemma. . . **robs** the trial of that appearance of fairness which should characterize every court hearing.") (emphasis added)

In interpreting this rule, the California Supreme Court has held where an attorney will likely testify as a material witness the attorney should "'resolve any doubt in favor of preserving the integrity of his testimony and against his continued participation as trial counsel,'" and withdraw. *People v. Dunkle*, 36 Cal. 4th 861, 915 (2005) (*quoting Comden v. Super. Ct.*, 20 Cal. 3d 906, 915 (1978)

Here, there can be no doubt Plaintiffs' counsel qualifies as a necessary and material witness. Furthermore, his testimony does not concern a tangential issue, but forms the basis of Plaintiffs' FAC and every claim therein. The Court should

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

10
MOTION TO DISQUALIFY AS COUNSEL
CASE NO. 5:18-cv-00273-JGB (SPX)
302944098V1 1005257

preserve the integrity of the judicial process by disqualifying Plaintiff's counsel under New California Rule 3.7. Therefore, Mr. Bonito should be disqualified.

## V. CONCLUSION

Based on the following, the Court should disqualify Mr. Bonito as counsel.

DATED: January 14, 2019                    HINSHAW & CULBERTSON LLP

By: */s/ Elvin I. Tabah*
GARY E. DEVLIN
ELVIN I. TABAH
Attorneys for OCWEN LOAN SERVICING, LLC and U.S. BANK NATIONAL ASSOCIATION, as Trustee under Pooling and Servicing Agreement dated as of July 1, 2004 MASTR Asset-Backed Securities Trust 2004-FRE1 Mortgage Pass-Through Certificates, Series 2004-FRE1, erroneously sued separately as U.S. BANK NATIONAL ASSOCIATION and MASTR ASSET BACKED SECURITIES TRUST 2004-FRE1

# CERTIFICATE OF SERVICE

*William C. Watson, et al. v. Ocwen Loan Servicing, LLC, et al.*
Case No. 5:18-cv-00273-JGB (SPX)

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Los Angeles, California 90025.

On **January 14, 2019**, I served the document(s) entitled, **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISQUALIFY ROBERT BONITO AS COUNSEL FOR PLAINTIFFS**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)**: I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **(VIA OVERNIGHT MAIL)**: I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

☐ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☒ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

☐ **(BY HAND DELIVERY)**: I caused to be delivered by hand each sealed envelope to the addressee(s) mentioned in the attached service/mailing list.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **January 14, 2019**, at Los Angeles, California.

Robin Mojica

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

# **SERVICE LIST**

*William C. Watson, et al. v. Ocwen Loan Servicing, LLC, et al.*
**Case No. 5:18-cv-00273-JGB (SPX)**

| | |
|---|---|
| Robert Alexander Bonito (SBN 113341)<br>ROBERT A BONITO AND ASSOCIATES<br>8 Bristol Court<br>Rancho Mirage, CA 92270<br>Phone: 714-325-4475<br>Email: bonitolaw@aol.com | Plaintiff WILLIAM C. WATSON |

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

1
SERVICE LIST
Case No. 5:18-cv-00273-JGB (SPX)
302944098V1 1005257